### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RICHARD VAUGHN,**
**VALERIE JENKINS,**

                **Plaintiffs,**

**-vs-**                                            **Case No.  6:07-cv-1695-Orl-19GJK**

**CITY ORLANDO,**
**OFFICER DENNIS R. SMITH,**

                **Defendants.**

_____

## ORDER

This case comes before the Court on the following:

1.      Motion to Dismiss Plaintiffs' Amended Complaint and Incorporated Memorandum of Law by Defendants City of Orlando and Officer Dennis R. Smith (Doc. No. 35, filed Feb. 11, 2008); and

2.      Response to Defendants City of Orlando and Officer Dennis R. Smith's Motion to Dismiss Amended Complaint by Plaintiffs Richard Vaughn and Valerire Jenkins, Co-Representatives of the Personal Estate of Mario Jenkins (Doc. No. 36, filed Mar. 3, 2008).

### Background

Plaintiffs Richard Vaughn and Valerie Jenkins, as Co-Representatives of the Estate of Officer Mario Jenkins, filed an Amended Complaint against Defendants Dennis R. Smith and the City of Orlando for violations of Officer Jenkins' civil rights pursuant to 42 U.S.C. § 1983 (2006)

("Section 1983"), negligence, and wrongful death.  (Doc. No. 34, filed Jan. 29, 2008.)  The relevant allegations are summarized below.

On September 24, 2005, Plaintiffs allege that Mario Jenkins was working as an undercover police officer at the Citrus Bowl, 1610 West Church Street, Orlando, Florida.  (*Id.* at 3, ¶ 15.)  While working undercover, Officer Jenkins apprehended two suspects.  (*Id.* at 4,  ¶¶ 17-20.)  When Defendant Smith, a police officer for the City of Orlando, approached the scene, Officer Jenkins was holding his police badge and attempting to arrest the two suspects.  (*Id.*)  Without warning, Defendant Smith fired three shots into Officer Jenkins' back which resulted in Officer Jenkins' death.  (*Id.* ¶ 22.)  Plaintiffs contend that Defendant Smith's actions constituted an excessive use of deadly force because Officer Jenkins did not pose a reasonable threat to Smith or any other person, and Defendant Smith "failed to undertake any actions, investigation, or inquiry that would have allowed him to reasonably assess the situation prior to employing deadly force."  (*Id.* at 4-5, ¶¶ 24-25.)  According to Plaintiffs, "a reasonable police officer [should have been able] to realize that Officer Jenkins was a fellow officer engaged in the lawful performance of his duties" because Officer Jenkins was: (1) apprehending the suspects the police were chasing; (2) using recognizable police techniques such that any reasonable officer would have recognized him; and (3) another officer on the scene told Defendant Smith that Officer Jenkins was a police officer.  (*Id.*)  Plaintiffs contend that "Defendant City of Orlando had provided Defendant Smith with no training on how to recognize an undercover or plainclothes officer, and the [Orlando Police Department's] policies and procedures concerning the identification and safety of officers working undercover or in plainclothes were clearly inadequate or non-existent."  (*Id.* at 6, ¶ 29.)

As in the original Complaint, Counts I and II assert Section 1983 claims against Defendants Smith and City of Orlando, respectively.  (*Id.* at 7-10, ¶¶ 32-43.)  The remaining three counts are newly raised in the Amended Complaint.  (*Compare* Doc. No. 2 *with* Doc. No. 34.)  Count III asserts a state law negligence claim against the City of Orlando, and Count IV asserts the same claim against Defendant Smith.  (Doc. No. 34 at 10-14, ¶¶ 44-70.)  Count V asserts a wrongful death claim against both Defendants.  (*Id.* at 14-15, ¶¶ 71-73.)

Defendants jointly move to dismiss the Amended Complaint, contending that: (1) Plaintiffs have failed to comply in full with this Court's January 15, 2008 Order at Docket Number 31 permitting amendment of the Complaint; (2) the Amended Complaint is a shotgun pleading; and (3) the newly raised state law claims are untimely and fail to allege that the statutory notice requirements have been fulfilled.  (Doc. No. 35.)  In the alternative, Defendants move to strike those portions of the Complaint that are improper.  (*Id.* at 4-6, 10.)  Plaintiffs have filed a Response in opposition to Defendants' Motion.  (Doc. No. 36.)

## Standards of Review

### I.    Motion to Dismiss

For the purposes of a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences drawn from such pleading.  *E.g.*, *Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (abrogated on other grounds).  The Court must limit its consideration to this pleading and the written instruments attached to it as exhibits. Fed. R. Civ. P. 12(d); *GSW, Inc. v. Long County*, 999 F.2d

1508, 1510 (11th Cir. 1993). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007).

## II.      Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a court may, on its own motion or by motion of a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a motion to strike is "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). It is not intended to "procure the dismissal of all or part of a complaint." *Rockholt v. United Van Lines*, 697 F. Supp. 383, 386 (D. Idaho 1988) (quoting 5 Charles A. Wright & Arther R. Miller, *Federal Practice and Procedure* § 1380 (1969)). A motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citing cases). Because this standard is rarely met, "[m]otions to strike are generally disfavored by the Court and are often considered time wasters." *Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla 1996).

## Analysis

## I.      Improper Allegations

Defendants assert, "It is respectfully submitted that Plaintiffs' Amended Complaint does not comport with this Honorable Court's Order . . . ." (Doc. No. 35 at 2.) First, Defendants explain that even after the Court dismissed the Orlando Police Department as an improper party, "Plaintiffs'

Amended Complaint still includes in the style of the case the Orlando Police Department as a party Defendant [and] contains allegations addressed against the Orlando Police Department." (*Id.* at 4.) Next, Defendants note that Plaintiffs assert claims under the First Amendment even though these claims were "disallowed" by the Court in its prior Order. (*Id.* at 3-5.) Defendants also argue that Plaintiffs improperly bring claims under the Fourteenth Amendment instead of the Fourth Amendment. (*Id.*) Finally, Defendants assert that Plaintiffs' allegations of conspiracy should be dismissed or stricken. (*Id.* at 9-10.)

Defendants are correct that this Court previously ruled that the Orlando Police Department was not a proper party to this action. (Doc. No. 31 at 9.) Therefore, the Court strikes the Orlando Police Department from the caption of Plaintiffs' Amended Complaint. (Doc. No. 34 at 1.) To the extent Plaintiffs include allegations concerning the conduct of the Orlando Police Department, such allegations are appropriate because the actions of the Orlando Police Department are generally attributed to the City of Orlando for purposes of Section 1983 liability analysis. (Doc. No. 31 at 9.) Accordingly, the Court denies Defendants' request to strike these allegations.

In its Order at Docket Number 31, the Court dismissed Plaintiffs' individual First Amendment claims against Defendants for failing to adequately state these claims. (*Id.* at 6-8, 12.) In the Amended Complaint, Plaintiffs have removed the allegations concerning First Amendment violations except in two places where the First Amendment is included in a list of constitutional rights affected by Defendants' actions. (*See* Doc. No. 34 at 1, 7, ¶¶ 1, 33.) Since the substance of Plaintiffs' First Amendment claims have been removed, these two references appear to be remnants of the original Complaint inadvertently left in the Amended Complaint. (*See id.*) In their Response to the Motion to Dismiss, Plaintiffs do not specifically address the propriety of their First

Amendment claims in the Amended Complaint.  (Doc. No. 36.)  Therefore, the Court finds that the two references to the First Amendment in the Amended Complaint were made in error and orders them stricken.  (Doc. No. 34 at 1, 7, ¶¶ 1, 33.)

Defendants also argue that Plaintiffs' inclusion of the Fourteenth Amendment in their list of constitutional violations is improper because the Fourth Amendment provides the applicable substantive law.  (Doc. No. 35 at 4-5.)  Plaintiffs appear to include the Fourteenth Amendment only for purposes of applying the standard of the Fourth Amendment to state actors under incorporation theory rather than to allege an independent due process violation.  (*See* Doc. No. 34 at 1, 2, 7, ¶¶ 1, 5, 33.)  Therefore, Defendants' argument is not well taken, and the Court declines to strike Plaintiffs' references to the Fourteenth Amendment.

Finally, Defendants argue that Plaintiffs' allegations concerning conspiracy are improper. (Doc. No. 35 at 9-10.)  Plaintiffs have not brought a claim for conspiracy; instead, Plaintiffs allege a "code of silence" as part of their 1983 claims against the City of Orlando for failure to train or adequately supervise police officers.  (Doc. No. 34 at 2, 8-9, ¶¶ 9, 38(f).)  Therefore, Defendants' Motion to strike these allegations is denied.

## II.     Shotgun Pleading

Defendants argues that the Court should dismiss the Amended Complaint as a shotgun pleading or, in the alternative, require a more definite statement from Plaintiffs concerning their claims.  (Doc. No. 35 at 2-4.)  When faced with a shotgun complaint, the Eleventh Circuit has "encouraged defendants to make motions for more definite statements or courts to demand repleader . . . ."  *Bailey ex rel. Estate of Beal v. Janssen Pharaceutica, Inc. ("Bailey")*, No. 07-12258, 2008

WL 2898214, at *4 (11th Cir. July 29, 2008).  The Eleventh Circuit summarized the case law

defining shotgun complaints as follows:

> *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293,
> 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each
> one incorporating by reference the allegations of its predecessors, leading to a
> situation where most of the counts (i.e., all but the first) contain irrelevant factual
> allegations and legal conclusions."); *Johnson Enters. of Jacksonville, Inc. v. FPL
> Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) ( "These types of cases invariably
> begin with a long list of general allegations, most of which are immaterial to most
> of the claims for relief. The general allegations are incorporated by reference into
> each count of the complaint . . . ."); *Cesnik v. Edgewood Baptist Church*, 88 F .3d
> 902, 905 (11th Cir. 1996) ("[The complaint] was framed in complete disregard of the
> principle that separate, discrete causes of action should be plead [sic] in separate
> counts. Count one, for example, which is labeled 'Wrongful Placement and
> Adoption,' purports to plead at least nine discrete theories of recovery." (internal
> citation omitted)).

*Id.* at 3.  The Court also explained, however, that "a complaint–so long as it is minimally sufficient

to put a defendant on notice of the claims against him–will not fail for mere surplusage."  *Id.* at 4.

Plaintiffs' Amended Complaint incorporates the allegations of the entire Complaint in each

count, (Doc. No. 34 at 7, 12, 14 ¶¶ 32, 37, 58, 71), but does not include irrelevant factual allegations

and legal conclusions, conflate the claims for relief, or present confusing allegations.  The Amended

Complaint is fifteen pages long and includes thirty-one relatively brief and separately numbered

paragraphs summarizing the general claims and allegations.  (*Id.* at 1-6, ¶¶ 1-31.)  The five counts

are clearly set forth in individual sections.  (*Id.* at 7-15, ¶¶ 32-73.)  Thus, the Amended Complaint

provides adequate notice of the claims against Defendants, and the Court will excuse any surplusage

and deny Defendants' Motion to Dismiss or for a More Definite Statement.

## III.    State Law Claims

In Counts III, IV, and V, Plaintiffs bring claims under Florida's Wrongful Death Act, §

768.16-768.26, Fla. Stat. (2008).  Count III is a "negligence" claim against the City of Orlando,

Count IV is a "negligence" claim against Defendant Smith, and Count V appears to be asserted against both Defendants and is entitled "claim for persona[l] respresentative[s] on behalf of Valerie Jenkins, as surviving spouse of Mario R. Jenkins, deceased." (Doc. No. 34 at 10-15, ¶¶ 44-73.) Count V declares that "[t]he Estate of Mario R. Jenkins[] and its survivors are entitled to all damages as enumerated in Florida's Wrongful Death Act . . . ." (*Id.* at 14, ¶ 73.)

Defendants argue that these claims should be dismissed for several reasons. First, Defendants assert that Plaintiffs seek damages for Officer Jenkins' personal injuries, and under Florida law, "[w]hen a personal injury to a decedent results in death, no action for the decedent's personal injury shall survive, and any such action pending at the time of death shall abate." (Doc. No. 35 at 6.) Next, Defendants contend that Plaintiffs' state law claims against Officer Smith are untimely because these claims were brought after the statutory limitations period. (*Id.* at 6-8.) Finally, Defendants state that Plaintiffs have failed to plead compliance with the statutory notice requirements in their claims against the City of Orlando. (*Id.* at 8-9.)

Florida's Wrongful Death Act creates a cause of action for a wrongful death caused by the negligence of another and states:

*768.20. Parties*

The action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death. When a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate. The wrongdoer's personal representative shall be the defendant if the wrongdoer dies before or pending the action. A defense that would bar or reduce a survivor's recovery if she or he were the plaintiff may be asserted against the survivor, but shall not affect the recovery of any other survivor.

*768.21. Damages*

All potential beneficiaries of a recovery for wrongful death, including the decedent's estate, shall be identified in the complaint, and their relationships to the decedent shall be alleged. Damages may be awarded as follows:

(1)     Each survivor may recover the value of lost support and services from the date of the decedent's injury to her or his death, with interest, and future loss of support and services from the date of death and reduced to present value. In evaluating loss of support and services, the survivor's relationship to the decedent, the amount of the decedent's probable net income available for distribution to the particular survivor, and the replacement value of the decedent's services to the survivor may be considered. In computing the duration of future losses, the joint life expectancies of the survivor and the decedent and the period of minority, in the case of healthy minor children, may be considered.

(2)     The surviving spouse may also recover for loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury.

\* \* \*

(6)     The decedent's personal representative may recover for the decedent's estate the following:

(a)     Loss of earnings of the deceased from the date of injury to the date of death, less lost support of survivors excluding contributions in kind, with interest. . . .

\* \* \*

§§ 768.19-768.21, Fla. Stat.

As previously noted, Defendants first argue that the Complaint improperly "contains allegations regarding the decedent's pain and suffering as well as loss of familia[l] relationship which have been incorporated into all counts of the complaint." (Doc. No. 35 at 6.) Defendants are referring to the general allegations, which are incorporated in Counts III through V. These general allegations list the injuries and damages sustained by the Estate of Mario Jenkins and include the loss of familial relationships and Officer Jenkins' pain and suffering. (Doc. No. 34 at 6, ¶ 31; Doc.

No. 35 at 6.)  Regarding Officer Jenkins' pain and suffering, Plaintiffs state that these damages are

asserted under *federal* civil rights law.  (Doc. No. 34 at 6, ¶ 31.)  Therefore, Defendants' arguments

under Florida law are not well taken.[1]  Regarding the loss of familial relationships, Section

768.21(1)-(2), Florida Statutes, permits the decedent's survivors to recover for loss of familial

relationships in a suit brought by the personal representative of the estate.  Thus, Defendants'

Motion to dismiss or strike claims for these damages is denied.

Next, Defendants contend that Plaintiffs' claims against Officer Smith under this Act are

untimely because they were brought after the two-year limitations period found in § 95.11(4)(d),

Florida Statutes, for wrongful death actions generally.  (Doc. No. 35 at 7.)  Plaintiffs counter that

the four-year statute of limitations found in § 768.28(14), Florida Statutes, applies because it

concerns the waiver of Florida's sovereign immunity for tort actions.  (Doc. No. 36 at 4-5.)

Section 768.28 of the Florida Statutes waives sovereign immunity for the negligent acts of

the employees of the State, its agencies, or its subdivisions. § 768.28(1), Fla. Stat.  In Count III,

Plaintiffs bring a "negligence" claim against the City of Orlando, a subdivision of the State,[2] for the

actions of Officer Smith and his supervisors at the Orlando Police Department.  (Doc. No. 34 at 10-

12, ¶¶ 44-57.)  In Count IV, Plaintiffs bring a "negligence" claim against Officer Smith alone.  (*Id.*

at 12-15, ¶¶ 58-70.)  Since Officer Smith is not a subdivision of the State, *see* § 768.28(2), Fla. Stat.,

---

[1]     Defendants offer no arguments as to the propriety of these damages under Federal
law, and the Court declines to address the issue *sua sponte*.

[2]     Section 768.28(2) defines "state agencies or subdivisions" to include "the executive
departments, the Legislature, the judicial branch (including public defenders), and
the independent establishments of the state, including state university boards of
trustees; counties and municipalities; and corporations primarily acting as
instrumentalities or agencies of the state, counties, or municipalities, including the
Florida Space Authority."

Count IV must be asserted against Officer Smith individually. Therefore, the statute of limitations concerning wrongful death suits against private persons is applicable. § 95.11(4)(d), Fla. Stat.

As correctly noted by Defendants, the accrual date for a wrongful death action is the date of death, which in this case is alleged to be September 24, 2005. *Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1280 (11th Cir. 2003); *Fulton County Adm'r v. Sullivan*, 753 So. 2d 549, 552 (Fla. 1999). The two year limitation period therefore ended on September 24, 2007, the date on which Plaintiffs filed their original Complaint. § 95.11(4)(d), Fla. Stat.; (Doc. No. 2). The Federal Rules of Civil Procedure permit an amended pleading to relate back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; . . . ." Fed. R. Civ. P. 15(c)(1)(B). The negligence claim against Officer Smith clearly arises out of the same conduct as the previously filed Section 1983 claims; therefore, the Amended Complaint relates back to the date of the original Complaint.[3] Since the original Complaint was filed within two years of the death of Officer Jenkins, the claims against Defendant Smith[4] in Counts IV and V are timely.

---

[3]     The authority cited by Defendants in their Motion to Dismiss is distinguishable from the instant case. (Doc. No. 35 at 7 (citing *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 762-63 (11th Cir. 2005)).) In *Michael Linet, Inc.*, the Eleventh Circuit affirmed the district court's dismissal of a state law claim, raised for the first time in an amended pleading, which sought review of a decision of the defendant Village. *Michael Linet, Inc.*, 408 F.3d at 762-63. The plaintiff urged the Court to read his originally filed Section 1983 claim, which was previously dismissed, as "a petition for writ of certiorari to review the Village's decision under Florida law." *Id.* at 763. The Eleventh Circuit rejected this argument, found that the plaintiff's state law claim should have been brought within thirty days of the date of the decision under the Florida Rules of Appellate Procedure, and further noted that the district court could properly refuse to exercise supplemental jurisdiction over the state law claim. *Id.*

[4]     Though not discussed by either party, Section 768.28(9)(a), Florida Statutes, appears
(continued...)

Finally, Defendants assert that Plaintiffs' wrongful death claims against the City of Orlando should be dismissed because Plaintiffs have failed to allege compliance with the statutory notice requirements under § 768.28(6)(a), Florida Statutes.  (Doc. No. 35 at 8-9.)  Plaintiffs respond that they "have in fact complied with the notice requirements of the state wrongful death statute, and do agree, if the Court deems it necessary, to interlineate compliance with the notice requirements into the specific allegations of Counts III-V, or to file a comparable amendment to the Amended Complaint."  (Doc. No. 36 at 5.)  The Florida Supreme Court has held that "absent an allegation of [governmental] notice [under § 768.28(6)], the complaint fails to state a cause of action." *Menendez v. N. Broward Hosp. Dist.*, 537 So. 2d 89, 91 (Fla. 1988); *accord Wagatha v. City of Satellite Beach*, 865 So. 2d 620, 622 (Fla. 5th DCA 2004); *Broward County Sch. Bd. v. Joesph*, 756 So. 2d 1077, 1077-78 (Fla. 4th DCA 2000).   Therefore, the Court finds that dismissal of these Counts is appropriate and will give Plaintiffs leave to amend the Complaint to allege compliance with the statutory notice requirements.

### Conclusion

Based on the foregoing, the Motion to Dismiss or Strike Plaintiffs' Amended Complaint by Defendants City of Orlando and Officer Dennis R. Smith (Doc. No. 35, filed Feb. 11, 2008) is **GRANTED IN PART AND DENIED IN PART** as follows:

1.     The Motion to Strike the Orlando Police Department from the caption of the Amended Complaint is **GRANTED**;

---

[4](...continued)
to preclude relief against Defendant Smith personally for negligent acts performed during the course of his official duties.  The Court declines, however, to decide this issue *sua sponte* without the benefit of briefing from the parties.

2.      The Motion to Strike allegations concerning the Orlando Police Department is **DENIED**;

3.      The Motion to Strike references to the First Amendment is **GRANTED**;

4.      The Motion to Strike references to the Fourteenth Amendment is **DENIED**;

5.      The Motion to Strike references to the alleged conspiracy is **DENIED**;

6.      The Motion to Dismiss the Complaint as a shotgun pleading or for Motion for a More Definite Statement is **DENIED**;

7.      The Motion to Dismiss or Strike the claims concerning the loss of familial relationship and the decedent's pain and suffering is **DENIED**;

8.      The Motion to Dismiss as untimely the state law claims against Officer Smith in Counts IV and V is **DENIED**; and

9.      The Motion to Dismiss the claims against the City of Orlando in Counts III and V for failure to allege compliance with the notice provisions of § 768.28(6), Florida Statutes, is **GRANTED WITHOUT PREJUDICE**.

Plaintiffs have leave to file an Amended Complaint that comports with this Order within ten (10) days from the date below.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August 12 , 2008.

_____

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record